IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENDO PHARMACEUTICALS INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 11-220 (GMS) |
| ) | |
| MYLAN TECHNOLOGIES INC., ) | |
| MYLAN PHARMACEUTICALS INC., ) | |
| and MYLAN INC., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS
MOTION TO AMEND COMPLAINT PURSUANT TO RULE 15(a)
AND FOR RECONSIDERATION UNDER RULE 59(e) AND D. DEL. LR 7.1.5**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jheaney@mnat.com

OF COUNSEL:

*Attorneys for Plaintiff Endo Pharmaceuticals Inc.*

Martin J. Black
Robert D. Rhoad
Ann M. Caviani Pease
Jonathan D. Loeb
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA  19104
(215) 994-4000

May 10, 2012

## **TABLE OF CONTENTS**

Page

I.    INTRODUCTION ................................................................................................................ 1

II.    ARGUMENT ...................................................................................................................... 1

    A.    The Court Should Grant Endo's Motion to Amend Because the Amendment will Fix a Technical Error and Mylan Cannot Show Legal Prejudice ................................................................................................................ 1

    B.    Relation Back Plainly Applies Here, But The Court Need Not Address The Issue ................................................................................................................ 3

# **TABLE OF AUTHORITIES**

**CASES**

*Arthur v. Maersk, Inc.*,
    434 F.3d 196 (3d Cir. 2006) ................................................................................................ 3

*Bechtel v. Robinson*,
    886 F.2d 644 (3d Cir. 1989) ................................................................................................ 3

*Mylan Labs., Inc. v. Thompson*,
    332 F. Supp. 2d 106 (D.D.C. 2004) .................................................................................... 4

*Newark Branch, N.A.A.C.P. v. Town of Harrison, N.J.*,
    907 F.2d 1408 (3d Cir. 1990) .............................................................................................. 4

*Purdue Pharma L.P. v. Mallinckrodt Inc.*,
    No. 06-CV-13095, 2007 WL 1437742 (S.D.N.Y. May 15, 2007) ...................................... 4

*Standard Oil Co. v. Nippon Shokubai Kagaku Kogyo Co., Ltd.*,
    754 F.2d 345 (Fed. Cir. 1985) ......................................................................................... 3, 4

**STATUTES**

21 U.S.C. § 355(j)(5)(B)(iii) ................................................................................................... 3, 4

35 U.S.C. § 286 ........................................................................................................................... 4

**OTHER AUTHORITIES**

Black's Law Dictionary (4th ed.1968) ....................................................................................... 3

6A Charles Alan Wright, *et al.*, Federal Practice & Procedure § 1497 (3d ed. 2012) .............. 5

Fed. R. Civ. P. 15(a) ........................................................................................................... 1, 2, 4

Fed. R. Civ. P. 15(c) ............................................................................................................... 4, 5

I.  **INTRODUCTION**

Endo filed a straightforward motion to amend its Complaint, and both parties agree that under Federal Rule of Civil Procedure 15(a), amendment should be freely granted except in exceptional circumstances. Here, Endo put Mylan on notice at the original filing of the Complaint that it intended to pursue a claim of patent infringement against Mylan. But Endo believed — erroneously — that Mylan's failure to provide proper notice created a threshold jurisdictional defect, which needed to be addressed before the infringement claim. The Court having now disposed of that issue, Endo seeks to proceed with the core issue of whether Mylan's ANDA infringes the patents-in-suit.

Mylan opposes the Motion to Amend by arguing that it has been prejudiced by delay, but Endo's infringement claim is hardly a surprise to Mylan, and Endo's request to correct a technical pleading defect should be granted. Mylan also argues that if the Court grants the amendment, that the amendment would not relate back to the filing of the original Complaint. Mylan is wrong on the law, but more fundamentally, the only issue before the Court now is whether the amendment should be allowed in the first place. If Mylan wants to address the effect of the amendment on the 30-month stay to the FDA or this Court when it is ripe, rather than a hypothetical question, the parties can address it then.

II.  **ARGUMENT**

    A.  **The Court Should Grant Endo's Motion to Amend Because the Amendment will Fix a Technical Error and Mylan Cannot Show Legal Prejudice**

Mylan acknowledges that motions to amend under Rule 15(a) should be "freely granted." But Mylan argues that this motion is an exception because the error Endo is trying to correct results from "a failed strategy to extend the 30-month stay . . . . instead of bringing a claim for infringement" D.I. 21 at 3. Not so. With original Count I, Endo sought a declaration that

- 1 -

Mylan's Notice to Endo was "null, void, and without legal effect" based on a good-faith interpretation of existing case law.  D.I. 14 at 10, citing *SB Pharmco Puerto Rico, Inc. v. Mutual Pharmaceutical Co.*, No-08-CV-0549, slip op. (E.D. Pa. April 28, 2008).  The intent of Count II in the original Complaint — properly served within 45 days from notice to Endo — was to stake a claim of infringement in the event that the Court disagreed with Endo's view of the law (as it did).  Endo made a technical error in pleading Count II by inadvertently making it contingent on the Court substantively ruling on the merits of Count I.  The proposed Amended Complaint corrects that technical error.

  Mylan argues that Endo should have sought to amend sooner.  Endo's amendment is to perfect the infringement claim it made originally, but recently learned was defective.  Before the Court's March 30, 2012 Order Endo believed in good faith that it **had** properly pleaded infringement, so it had no need to amend.  D.I. 14 at 12.  In its Opposition to Mylan's Motion to Dismiss, Endo expressly sought leave to amend if the Court believed that Count II was deficient: "To the extent the Court determines that Endo's intent to assert its infringement claim . . . is not evident from the Complaint as drafted, rather than dismissing Count II, the Court should grant Endo leave to amend its Complaint to clarify its allegations."  *Id.*  Endo then moved promptly to amend its infringement count upon learning of the Court's Order dismissing the case without prejudice.

  Mylan also claims that if Endo is allowed to amend its Complaint, "Mylan will be severely prejudiced by undue delay" because it could have spent the last year "litigating the claim and moving towards a final decision."  D.I. 21 at 4.  Mylan's "concern" is disingenuous.  Mylan, not Endo, will be advantaged by the delay of discovery because it will be very difficult now to complete the litigation before the 30-month stay expires.  And, by acknowledging that

Endo has the right to file a new complaint now and begin the litigation process anew, Mylan admits its "prejudice" would not be cured by denying this Motion.

Moreover, the Third Circuit has held that "[d]elay alone is not sufficient to justify denial of leave to amend." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006).  Instead, "prejudice to the non-moving party is the touchstone for the denial of the amendment." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989).  "[T]he non-moving party must do more than merely claim prejudice; it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely." *Id.* (internal quotations omitted).  Mylan has made no such showing.

### B. Relation Back Plainly Applies Here, But The Court Need Not Address The Issue

Section B of Mylan's brief is entitled: "If Leave to Amend is Granted, Relation Back Should be Denied." Mylan argues that the 45-day time period under 21 U.S.C. § 355(j)(5)(B)(iii) is "effectively a statute of limitations" which bars relation back after dismissal without prejudice. Mylan is wrong as a matter of law, but the Court need not address the issue because it is irrelevant to the motion before the Court now.

Amended Count I is a patent infringement claim which relates back to the filing of the original Complaint, and it is plain that no statute of limitations has run on Endo's infringement claim.  There is no statute of limitations on patent claims. *See Standard Oil Co. v. Nippon Shokubai Kagaku Kogyo Co., Ltd.*, 754 F.2d 345, 347-48 (Fed. Cir. 1985).  Black's Law Dictionary defines "statute of limitations" as "limitations to the right of action on certain described causes of action; that is, declaring that ***no suit shall be maintained*** on such causes of action unless brought within a specified period after the right accrued." *Id.* at 47 (quoting Black's Law Dictionary (4th Ed.1968))(emphasis in opinion).  The 45-day period of 21 U.S.C. §

355(j)(5)(B)(iii) is not a statute of limitations because it does not bar a patentee from maintaining a suit filed outside the specified period.[1] If suit is not filed within the 45-day period, the FDA may take notice of that fact and grant final approval, but as the Court concluded in granting Mylan's motion to dismiss, the application of 21 U.S.C. § 355(j)(5)(B)(iii), which sets forth the 30-month stay, is within the jurisdiction of the FDA. It is not an issue before this Court today.

The cases that Mylan cites to support its proposition that the 45-day period is "effectively a statute of limitations" do not even mention the term "statute of limitations" and only address the availability of the 30-month stay where the patentee altogether missed the 45-day deadline for filing a complaint. *See Purdue Pharma L.P. v. Mallinckrodt Inc.*, No. 06-CV-13095, 2007 WL 1437742, at *3-4 (S.D.N.Y. May 15, 2007); *Mylan Labs., Inc. v. Thompson*, 332 F. Supp. 2d 106, 114 (D.D.C. 2004). Because the 45-day window is not a statute of limitations barring Endo from reasserting its patent claim, the Court's dismissal without prejudice is not a *de facto* final order that would prevent Endo from amending its Complaint under Rule 15(a) and relating it back to the original complaint under Rule 15(c)(1)(B). The Court of Appeals has recognized that "[t]he principle is well-settled in this circuit that an order dismissing a complaint without prejudice is not a final and appealable order . . . unless the plaintiff no longer can amend the complaint because, for example, the statute of limitations has run . . . . " *Newark Branch, N.A.A.C.P. v. Town of Harrison, N.J.*, 907 F.2d 1408, 1416-17 (3d Cir. 1990) (internal citations omitted). This is simply a recognition that an amendment after the statute of limitations has run on a claim would be futile.

---

[1] In *Standard Oil*, in an analogous statutory interpretation context, the Federal Circuit held that the Patent Act does not include a statute of limitations, because 35 U.S.C. § 286 is a limitation on the damages remedy outside a time window rather than a bar to filing suit. 754 F.2d at 347-48. Like 35 U.S.C. § 286, the 45-day rule is a limitation on the 30-month stay remedy to a time window for filing, but does not bar an infringement suit.

Endo's Amended Complaint relates back to Endo's original Complaint because it complies with Fed. R. Civ. P. 15(c)(1)(B), which embodies "the basic principle that an amendment alleging a claim or defense that arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading will relate back to the original pleading." *See* 6A Charles Alan Wright *et al.*, Federal Practice & Procedure § 1497 (3d ed. 2012). Similarly, "amendments that merely correct technical deficiencies or expand or modify the facts alleged in the earlier pleading meet the Rule 15(c)(1)(B) test and will relate back." *Id*. Endo clearly set out the basis for its infringement claim against Mylan in its original Complaint and it was only because of the technical error in its conditional pleading language that the infringement Count in Endo's Complaint was dismissed. If the Court is inclined to decide the issue, it is plain that Endo's Amended Complaint meets the criteria under Rule 15(c)(1)(B) for relation back to the original Complaint.

MORRIS NICHOLS ARSHT & TUNNELL LLP

*/s/ Julia Heaney*

OF COUNSEL:

Martin J. Black
Robert D. Rhoad
Ann M. Caviani Pease
Jonathan D. Loeb
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
(215) 994-4000

May 10, 2012

5917394

Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jheaney@mnat.com

*Attorneys for Plaintiff Endo Pharmaceuticals Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 10, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on May 10, 2012, upon the following in the manner indicated:

| | |
|---|---|
| Richard L. Horwitz, Esquire<br>David E. Moore, Esquire<br>POTTER, ANDERSON & CORROON LLP<br>1313 North Market Street<br>Wilmington, DE  19801 | *VIA ELECTRONIC MAIL* |
| Larry L. Shatzer, Esquire<br>Shaun R. Snader, Esquire<br>WILSON SONSINI GOODRICH & ROSATI, P.C.<br>1700 K Street, NW<br>Fifth Floor<br>Washington, DC  20006 | *VIA ELECTRONIC MAIL* |

*/s/ Julia Heaney*

Julia Heaney (#3052)